IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD THOMAS CRAVEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07cv38 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DR. GENSLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |
| RICHARD THOMAS CRAVEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07cv41 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DIRECTOR NEWTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the two above-entitled cases in which the pro se plaintiff, Richard Thomas Craven, complains of deficient medical care and other matters while incarcerated at the Douglas County Correctional Center ("DCCC"). Having reviewed the record in these cases, I conclude that they involve common questions of law and fact and that, for ease of administration, the cases should be consolidated pursuant to Fed. R. Civ. P. 42(a). Rule 42(a) states:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Because Case No. 8:07cv38 is the earlier filed case, that case is designated as the

1

lead case.  The parties are directed to file all future pleadings in the lead case.  Case No. 8:07cv41 will remain dormant until judgment is entered in the lead case, at which time a similar judgment will be entered in the later companion case.  No filing fee will be assessed or collected in Case No. 8:07cv41.

IT IS THEREFORE ORDERED:

1. That from the date of this Memorandum and Order, Case Nos. 8:07cv38 and 8:07cv41 are consolidated for all purposes;

2. That Case No. 8:07cv38 is designated as the lead case, and the parties are directed to file all future pleadings in the lead case;

3. That Case No. 8:07cv41 shall remain dormant until judgment is entered in the lead case, at which time a similar judgment will be entered in the companion case;

4. That a filing fee shall be assessed and collected in the lead case pursuant to a Prisoner Payment Order to be entered by separate order of the court; but no filing fee will be assessed and collected in the dormant companion case;

5. That the Clerk of Court shall enter all defendants listed on both complaints on the docket sheet for the lead case;

5. That both cases are assigned to the docket of Senior District Judge Lyle E. Strom; and

6. That this Memorandum and Order shall be filed in both cases.

DATED this 28th day of February, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge